Judge Ambrose and I want to welcome and thank the Honorable Terence McVeary who is a judge of the United States District Court for the Western Pennsylvania. Thank you Judge McVeary for helping us with our cases. We are two down in terms of our complement of 14 judges so we need all the help we can get so we extend our All right we'll call our first case for the day United States v. Jermaine Battis. Good morning and may it please the court. My name is Robert Epstein. I'm here today on behalf of the appellant Mr. Jermaine Battis. With the court's permission I'd like to reserve three minutes of my time for rebuttal. All right can you lift the microphone just a little bit? Sure. Thank you. Thank you Your Honor. The first issue on this appeal. You've got a good argument on the 32 months from the time of federal indictment to the first appearance. The 11 months that you're trying to tack on from the state level appears to be significantly more problematic. What makes you think that we should somehow intrude ourselves into federal-state relations and add that on? Your Honor if you look at first of all this court's opinion in United States v. Dent in that case this court did count the period of time from the state arrest. If you look at this court's the 11 circuits decision in United States v. Ingram they provide a very persuasive... What was the state charge? In this case? Aggravated assault. Aggravated assault, possession of a firearm, an attempted murder. But aggravated assault is a far different from federal felon in possession is it not? Yes Your Honor. Yes. But as the 11th Circuit recognized in the Ingram case where they counted the period of pre-indictment delay in that case there was two and a half years there's no local arrest but there was a period of time between the offense and the federal indictment. What the 11th Circuit recognized in Ingram is this period of time may not technically count for triggering the speedy trial delay the application of the Barker factor but where there is enough post-indictment delay to trigger the presumption of prejudice to trigger speedy trial analysis the court said we're gonna factor in this pre-indictment delay period and the court said we're going to count it against the government and the reason they did that was because they looked at the purposes served by the speedy trial clause and they said one of the purposes because when you have undue delay the reliability of a trial is going to be compromised so of course we're going to consider the full period of time from the offense. They also said one of the other purposes is we don't want too much time for a defendant who is presumed innocent to be incarcerated without trial so we're going to consider it from that purpose as well. So what the court said in Ingram was when the government takes too long post-indictment we're also going to consider the pre-indictment period as well. I really don't want to get hung up on this issue though because there's no dispute from the government that whether we count that period of time or not the delay here is excessive it's extremely excessive and courts we've cited five different circuit court decisions as well as the Supreme Court's decision in Doggett where comparable periods of time just the 32 months now we're talking about has considered to be excessive and that factor has been strongly weighed against the government. You have a problem here though with the assertion of the right, do you not? I don't believe so your honor. How so? There was no assertion until 06. Is that correct? Which was a month after the appearance. Well that's when federal counsel was first appointed to the case and within a month they filed a speedy trial motion to dismiss but well before that as soon as Mr. Battis found out about the federal indictment he had his state court attorney go and pay a visit to the U.S. Attorney's Office to communicate to them his desire to be tried promptly on the federal charges. But does that assertion, I mean doesn't the assertion have to be made to the court so that the judge knows you're asserting your right and can therefore list the case for trial? No your honor. In Hakeem v. Byer this court recognized that to tip the scales heavily in the defendant's favor this court set, what a defendant, all a defendant needs to do is to give some notice either to the court or to the government that it wants to be tried promptly and that's what Mr. Battis did here and he did it not only on one occasion but with repeated phone calls from his attorney to the U.S. Attorney's Office expressing his desire for a prompt trial. Well it is curious that the state court noted all the continuances in state court and said a total of approximately 28 times at the request of the defense as this defendant also had an outstanding federal matter which he wished to resolve first. Yes. So at least the state court was aware of it. Right he was only represented in state court and in state court Mr. Battis time and time again expressed his desire for a speedy federal trial. This court recognized in Hakeem v. Byer that a defendant can make his assertion of right in another forum. In Hakeem this court considered a federal habeas corpus petition while the defendant was in jail for a state court charge and for purposes of asserting his right in the state court this court considered a federal habeas corpus petition. So the fact that Mr. Battis repeatedly asserted his right in the state court can properly be considered here but he also provided the government with notice directly by his state court attorney. What this court found in Hakeem is all a defendant has to do is make a reasonable assertion of the right. As the Fifth Circuit said in Harris that means just manifesting a desire to be tried promptly. Mr. Battis clearly did that here and as such the assertion of right factor should have been balanced strongly in his favor. Did the district court require too much specific prejudice? I mean thinking about Doggett and Justice Souter's assessment of course there was eight and a half year delay but are we in a regime where at a certain length of time the prejudice may be presumed? Yes, Your Honor. When you have delay of this length that's caused by government negligence the Supreme Court in Doggett and the five different circuit court opinions that we've cited they have not required any specific prejudice at all. I'm referring now to Uranus Luna the 8th Circuit case where you had 36 months of 36 months of delay caused by government negligence. Ingram the 11th caused by government negligence. Red vs. Souters the 6th Circuit case, 32 months caused by government negligence. In all those cases they presume prejudice. What was the harm for the delay here for 32 months? Well here we had the the loss of a critical defense witness, John Vasquez. Yes, a statement was taken by a state court investigator who was retained by Mr. Battis recording Mr. Vasquez's perception of what occurred on that night and unfortunately four and a half years later by the time of the federal trial that witness was lost. So not only do we have the specifics of that and you know if the state trial is proceeding or I mean they should have tried to find Vasquez as well in connection with the state court. It's not like this is sitting and no one's doing anything there. Everyone's working on the defense presumably in the state court and what do we know about the effort made and you know how what evidence was we had this witness we therefore don't have this witness. I mean nobody tried to introduce Vasquez's statement as an unavailable witness at the trial. There wouldn't have been any hearsay exception that would have allowed for the admission of that statement at trial. The defense represented to the district court that extensive efforts were made to locate the witness. There was no dispute about that from the government. The fact of the matter is that while there was a state court attorney a year into that case the federal government indicted. At that point the state court attorney Mr. Saget believed that the federal government was going to try the case first. Mr. Battis had run out of money to retain him. From his perspective he was done with the case. The case was going to be tried federally first which it was and there was no reason on his part to think that he had to try to keep tabs on this witness for a four and a  half years. The Supreme Court in adopting a presumption of prejudice recognized that when you have excessive delay like this witness isn't going to be lost. Whether or not there's an attorney that's representing the defendant or not there's a good likelihood as there was in this case that witnesses will be lost over time. Do you have to show that? No we don't your honor. In this case given the length of delay given the government negligence in causing the delay we don't have to show any specific prejudice at all. In this case we did. In this case we can satisfy an actual prejudice requirement but there shouldn't be one in this case given the length of delay given the negligence on the part of the government. Was there negligence at the outset? I mean are you saying all along the state that the federal prosecutor should not have respected the state court wishes to proceed against someone who had done this to the police? No your honor. Well alleged to have done it to the police. He's actually now been found not guilty of shooting at the officer. Is that going to be retried? I think there's going to be a retrial on the one outstanding count that the jury was hung on there an aggravated assault count. No date's been set? I believe a date has been set for the spring, some date in the when she conducted a hearing on the delayed petition? No your honor. At the point when the speedy trial hearing was held the federal defense attorney had just been appointed a month earlier. He was conducting his investigation. What he represented to the district court was there were many witnesses according to the police who were present on the night in question. We don't think we're going to be able to find any of them now that it's four and a half years later. We're not going to be able to find any. Right before trial he submitted a motion in which he attached Vasquez's affidavit saying we've looked for this witness we cannot find him. We've made extensive efforts we haven't been able to find him and the district court recognized in ruling on that motion was concerned whether the government can impeach Mr. Battis with a prior conviction. The district court specifically recognized they can't find any other witnesses here he's going to have to testify on his own behalf. So that the district court was aware of the missing witness problem. While you're on that the putting in the conviction that was 13 years old in connection with the statute that says you can only go back 10 years what was what was the harm there because what you've got is a felon in possession count here and they put in evidence of a prior what drug conviction? Yes your honor. So what what was how was your client harmed Mr. Battis? Well all the jury knew regarding the prior before the introduction of the prior drug conviction all the jury knew was that there was a prior conviction for which they could only consider that conviction for purposes of Mr. Battis' status that he was prohibited from having a gun. The judge so instructed the jury. Now the prejudice is that they're being specifically told he has a drug conviction for which they can consider that in terms of his credibility. But all of the officers who testified testified that they saw Battis with a firearm. Correct? Several of the officers did yes your honor. But their testimony was severely contradicted here by the available forensic evidence. Their account of what occurred was directly. But you were able to put that in that there was the forensic evidence showed that there wasn't a residue of powder. That's correct. So that way before the jury. That's right and what was also before the jury was this prior felony drug conviction which they were specifically told they can consider for purposes of credibility where the case was essentially a credibility contest between Mr. Battis and the Philadelphia Police Department. But it was and he took the stand and so the government should be permitted to attack his credibility with the conviction. Not with a conviction that's more than 10 years old unless there's a balancing unless there's a finding that the probative value of this conviction substantially outweighs its prejudice. Was that raised before the district court and the district court advised that over 10 years there had to be well and you say exceptional circumstances. I'm not sure where we really find that in the rule. Well the court all of the circuit courts that have addressed the rule have found that there's a presumption of inadmissibility. It was the government had pointed out in several places to the to the court that the conviction was more than 10 years old and we did argue in our memorandum that the prejudice of this conviction far outweighed its probative value. There was no objection to that testimony at trial. Well the objection had been made prior to trial on that. Yes Your Honor. It was a motion in limine? Yes. I'm not so sure about that. I've read the underlying discussion that took place the evening before and it's it's not really clear that it was in the nature of an objection but but be that as it may. All right we'll hear from you on rebuttal. Thank you. Thank you Your Honor. Good morning may it please the court. My name is Bernadette McKeown and I represent the government in this case. It seems like this is one that slipped through the cracks in the federal level. I mean 32 months is between indictment and appearance is an incredibly long time. It is an unusually long time as the I was not involved in this case at the trial level. However my understanding is and this is based on on reading the record is that Mr. Miller VA USA assigned to the case repeatedly contacted the DA's offices. This information is uncontroverted in the record that he made repeated inquiries and every time he inquired they said no we still want to go forward first please defer the unreasonable. I mean if you could do this for six years and and call them every month you have to set up and say wait a minute there's a constitutional right to a speedy trial. We have to move forward. We're very sorry especially when I mean do you do you contradict what the state court judge said that there were numerous continuance continuances as the defendant wanted to be tried in federal court first? No I do not I'm not quibbling with the state court judges finding but I think it's very important to separate what may have been said in state court and what was actually conveyed to the US Attorney's Office. And the two transcripts that were submitted in the supplemental appendix by the defense of the July 2005 hearing in the October 2005 hearing it's true that Mr. Saget stated we want to go federally first. However the DA's office did not state that. There was no indication on the record that they had agreed to that. They didn't object. But they would have countered that in some way anyway if they disagreed. Nobody disagreed with it. Nobody disagreed with them and I think at that point but that information was not conveyed to the US Attorney's Office. So perhaps at some point in this 32 month period it crossed the line into some negligence on someone's part whether it's at the DA's office or at our office. But as the district court found the the government had a very valid reason here for deferring to the state court process. At some point let's go back to Judge Rendell's question because put yourself in our shoes. There is at some point a rule of reason that has to exist as to when you cross the line. If you were writing that opinion what would you say we should use as a principle to say when something is okay in terms of that rule of reason and something is not okay. Well certainly the government does not contest that 32 months is a very it's a long and unusually long delay and that it does trigger application of the Barker analysis and that the court needs to scrutinize all of the Barker factors in determining whether this delay then resulted in a violation of the defendant's constitutional rights. Would you agree it's presumptively prejudicial? Presumptively prejudicial in the sense of Doggett your honor? Well in the sense that you've said it's an unusually long delay. Yes it is presumptively yes to trigger the Barker review. Oh there's no dispute about that. And do you dispute your colleague's statement that under Hakeem the assertion here was sufficient? I do your honor I do dispute that and again what happened here and the record is very clear on this there was one conversation in which Mr. Saget and this is from the testimony at the hearing in district court Mr. Saget contacted Mr. Miller and said I understand there's a federal indictment we'd like to go federally first this was right after that shortly after the indictment there was no follow-up conversation there was no you know I went back and reread Barker because here there was an assertion now granted it was in 06 after counsel was appointed and he asserted his right to a speedy trial I and it appears to me it doesn't say that the assertion has to be such that you put the court on notice early enough so the court can then proceed to trial it really and it doesn't it specifically doesn't adopt a demand waiver rule it recognizes the fact that the owner should not be on the defendant to cause the government to proceed it's a it's a right that the defendant has and an obligation on the government so I'm not sure that along the way a defendant in order for his constitutional right to a speedy trial that he has to constantly call the court and say you know I have this right why isn't his assertion in 06 sufficient I mean it would be different if he never said anything and went to trial and then he says to us his or after the trial he says speedy speedy trial was violated let me just add on to that because the the test in our court taking off on Barker is Douglas versus capital it's a fairly recent case and it says reasonable assertion which is what Mr. Epstein said and the court here said that the test was utmost effort I mean that's not a whole cloth isn't it I the comment the court's comment utmost effort I think was something that did not inform the court's decision because the court when she she made her ruling the district judge focused on the fact that there had been this one preliminary contact and then no follow-up whatsoever and she said that in that context given the fact that there was not any effort after that made to contact the prosecutor and say look I want to go forward and that the prosecutor had interpreted this conversation as kind of an initial contact sounding out conversation and assume that mr. Saget was representing him in the federal case and that the mind that's a fair assumption I think you're arguing on a demand waiver rule and we there's a constitutional right to a speedy trial no your honor I'm not I'm not suggesting that you can waive I mean the cases are very clear on that no I'm saying in this context that his this one initial conversation with an informal conversation that was never renewed and never followed up on that that was not enough and the way is what case says that his having brought his this to the attention of the court in 06 when he's first represented by counsel before that he is totally pro se he has no I don't know how you get through arraignment without counsel but he has no counsel and at the first moment when he has counsel he asserts his right what case says that he has that's not recently asserted number one and number two he has foregone and waived his right to assert it because that's essentially what you're saying I don't I'm not saying he waived his right to assert it I am saying that in this context that the court found that this weighed slightly in mr. Battis his favor he just did she just didn't find that it weighed overwhelmingly in her how do you weigh the Barker factors to come out in favor of the government I guess it's the first factor that you think that's a really it's a it's an okay reason is that right the first factor you're under which the first factor of where the factor not the first night first factors delay we know which way that cuts the factor having to do with the reason the second well I think it's actually the last three factors considered in conjunction which show that the district courts ruling was proper the reason for the delay the government had a valid reason yes it did the delay then went on for 32 months but the court didn't find negligence on the government the government's part the court did find that the government's delay was justifiable under the circumstances and Dodge it says that the courts ruling courts district courts ruling on whether or not there was negligence is entitled to considerable deference and that has been repeated analysis of prejudice you have said that because of the unusually long delay there's presumed prejudice the district no no I did not mean under the in the sense of dog it's on the I there's a presumption of prejudice that triggers the Barker application as in terms of dog it the dog it analysis no I would dispute that we that the court should not just apply a presumption of prejudice due to the length of the delay and there's several reasons for that every court including dog it when dog it was extraordinary an eight and a half year delay where the man didn't even know he had been charged with a federal offense and then he's picked up eight and a half years later after the him and told he has to defend against a serious drug charge that's completely distinguishable from this case and in dog it they did emphasize that the defendant was not aware of the charges and he had no incentive to either investigate his case preserve evidence and and so there was obviously going to be prejudice in that case but here why wasn't there negligence on the part of the government I mean sagat was informed by the district attorney's office the state attorney's office that badasses federal charge would proceed first and then the state would know across the case or allow it would see what happened on the federal level first now what's Miller is saying somehow that wasn't his conversation with the with the DA's office that's correct John sagat was making that representation in court but but the DA who was the DA didn't middle never contradicted well the D actually at the first hearing the DA did he said that's I didn't it's right in the record at the July hearing the DA says I don't have an agreement along those lines and also says I'm ready for trial and then the judge acquiesced to the defense request for a continuance at the second hearing the DA's office had a week earlier contacted the judges team and said we have nobody to assign to this case we don't have a trial lawyer for this case because it was listed for trial that sounds like the state thought it was gonna go on the federal level first well no that DA then walks into court and says I see a note on the file saying federal prosecution she didn't issue I don't think she was up to speed on the status of the case at that time made no objection to the defense request and at that point what had to have happened here are you saying that that is pro se defendant had to go to the district court and say I want to proceed no I don't think that it that that has had to go to the district court I think what what should have happened was that and what the AUSA presumed was that mr. Saget would follow up after this initial conversation if they seriously wanted to go forward in federal court first there could be reasons why they wanted to proceed in state court first this was one brief conversation they needed to come out and say I mean this I mean this case is the 180 degrees the opposite of a complex case this is a simple case it's straightforward yes your honor the facts are what they are and the question is how do you weigh those factors and whether or not those factors tip in in favor of the defense of the government the district court terms of the in terms of what he was charged with this is not this is not that's definitely your honor yes I mean he's charged as a felon in possession in federal court and with aggravated assault and attempted homicide in state court all arising from the same incident but on the issue of prejudice your honor and Hakeem said right up front prejudice is the most important factor Doggett of course then there are cases where the length of the delay alone means there's that we're just gonna presume there's prejudice this is not that case and I will tell you why all the cases cited by the defense arenas Luna Ingram in those cases the defendants were not aware they had been charged there was then the government was negligent and in Ingram they found a grievous government negligence and not going out and finding these defendants so that they could promptly defend the charges this case the defendant knows from the date of his arrest that he's facing state charges and he then 11 months later knows he's facing federal charges saying that our test should be utmost effort which is what the district court said but we know it's not the case it's reasonable assertion oh no I'm on the waiver I was talking about prejudice your honor on the waiver no I agree that it's reasonable assertion and it's a close call whether there was a reason that's why the district court found in favor that this tipped in favor of the defense but on prejudice here they did not make I first of all I think actual prejudice should be required in this case it's they got they got that one easily with with baskets I would dispute that your honor for a cup on a couple grounds first the way the Vasquez information was brought to the court's attention which was in the context of a 609 motion it was not they didn't renew the request for the court to evaluate the speedy trial claim at that point and secondly there was no as judge Rundell pointed out there really was no showing about what efforts were made because it wasn't raised in speedy trial context it was only raised as to whether or not the government could impeach mr. baddest with a prior conviction and this was offered as evidence as to why his credibility was so critical because he had lost the ability to present this witness but there was no showing as to what efforts they made it was a last-minute introduction of this and it's questionable when you read mr. Vasquez his statement he readily admits that he's a friend the baddest is and that he there's some question as to just how helpful he would have been statement was pretty helpful what was helpful on but his credibility may have been an issue what would be the consequences I mean thinking through this if we ruled in your favor if we don't find a speedy trial violation here aren't we giving the government free reign to indict state defendants on federal charges leave them without the right to counsel on the federal level see what happens on the state level after several years and then finally bring the defendant in for an initial appearance many or almost three years later that doesn't that doesn't sound like that would be good law no your honor and I'm not suggesting that that should be the law but in this case given these facts and this is unique because this this is a case where normally when the government adopts a state case we adopt the whole case this is an unusual situation where there's a contemporaneous federal and state prosecution rising for the same incident and it's only because of the facts of this case where there's an attempt to shoot an officer at point-blank range in the face both go at the same time is there a speedy trial in both so they should both proceed in their different offenses that's correct your honor but there there's also I guess in this case we were simply trying to defer to the compelling state interest since a police officer was involved I see my time is up any other questions thank you thank you mr. Epstein if I could ask a question the the case in state court was it proceeding from an investigation standpoint there's all these continuances there is the contention that comes so late in federal court that locatable well wasn't Basquez sought in connection with the state court proceeding it seems hard to believe that he would not be a very important witness in the state court proceeding right as I said though your honor the the state court attorney Battis attorney that he came for the state case was under the impression that the federal government was going to try the case first and that he was not going to be the attorney for that case so understandably he was not thinking that he would have to make efforts to try to keep tabs on Vasquez for a federal trial that somehow didn't happen in this case for almost five years it seems like there's 32 months even more than that that this state court case either is or isn't proceeding and I just and the state court judge talks about all these continuances so well this the state court case wasn't proceeding everybody the DA the state court judge mr. Battis his attorney was under the belief that the federal government was going to try the case first to this effect was a record made in connection with this motion is to exactly what was going on where their witnesses and sagat and sagat testified and he testified that at every listing in every state court listing he discussed with the DA and the judge the fact that the federal case was going to go first you can find that at the appendix page 56 and 59 that was put on the record before the district court so the district court knew the state so why didn't it go forward we really don't know I mean what what appeared to happen here was gross miscommunication between the federal government and the DA's office about who was going to try the case first this is a case of gross negligence by saying well we were in touch with the DA's office well quite frankly that's not good enough you don't only have to be in touch you have to have an accurate understanding of what's going on in state court and that could have been accomplished were there were there more than one attorney on both sides involved over the course of time at the DA's office and at the federal level I believe the same federal prosecutor was involved yeah and I think there was a change in the DA's office but if you also look at the record mr. talking to mr. Lloyd in the DA's office it's mr. Lloyd who appears at the at the first hearing that we submitted the transcript of and Lloyd is not objecting to a continuance there yeah the prosecutor here is right that that mr. Lloyd didn't agree with sagat that they had a deal worked out for depending on what would happen in the federal case but he did not object to a continuance he was on board with the fact that the federal government was going to be going isn't there a prejudice problem here for you in terms of the fact that there is a state court attorney and somebody's got to be investigated this is not like someone was out not even knowing they'd been arrested I mean there were cases here that were pending that required the same facts to be adduced we don't have a dog at eight and a half year delay with those horrible facts isn't I mean how do you win on the prejudice because the Supreme Court recognized in Doggett that a presumption of prejudice should apply in cases like this and you have cases of lesser delay than eight years you have cases like Ingram a two-year delay where they apply a presumption of prejudice in a case where the government is negligent Uranus Luna 36 months government negligence presumption applied red versus Saudis 32 months same thing government negligence prejudice is and in several of these cases that we cite red New Buffalo the Geeling case from the Ninth Circuit the defendant was represented had federal representation in those cases who were presumably investigating but what the Supreme Court recognized in Doggett is even if they're represented witnesses if you if the government delays for this long for negligent reasons witnesses end up being lost and that is what happened here I see my time is up thank you very well argued we'll take it under advisement